DREWRY S. GODSEY *v.* JULIANNA ROBINSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—890.]

**Statute of Limitations in Recovery of Land.**

Fifteen years bars a suit for the recovery of land after the right
of action accrues, and if the party wishing to recover is an in-
fant he has three years after his disability is removed in which
to bring the action; and where parties are infants at the expira-
tion of the fifteen years period, but fail to bring action there-
after for ten years after their disability is removed, their cause is
barred by the statute.

APPEAL FROM PERRY CIRCUIT COURT.

April 19, 1883.

OPINION BY JUDGE PRYOR:

The motion to dismiss is overruled because the parties have ob-
tained an appeal from the clerk of this court, and the assignment
of errors in the lower court as well as this court is before us.  The
patents to the two daughters of Butler, who are appellees, issued
in the year 1846, and the only defense to the recovery is the statute
of limitations, the appellants claiming an adverse possession by an
entry as purchasers from their father.  The entry on this land was
made in the year 1847.  Godsey sowed bluegrass upon it and culti-
vated it by tenants.  Several witnesses state that Godsey had posses-
sion by himself or tenants for more than twenty years, but it is
argued that this character of testimony does not show an actual
occupancy by him or his tenants.  Fields says that Calvin Stacy lived

on the land for three or four years and then Godsey took possession and has held it since that time. Morgan, a witness, states that he purchased the land of Butler, the father of the appellees, and held his bond for title and sold it to Godsey, and the latter took possession a short time afterwards. This was about twenty-six years before the suit was instituted. Elzy Combs states that Butler had made some improvements on the land and left it before the spring of 1847, and since the spring of that year Godsey and his tenants have been in the possession. The same statement is made by the owner of the adjoining lands and there is no doubt but that Godsey had the possession and entered as purchaser. S. C. Godsey swears that he purchased the two hundred acre survey in 1845 of Combs, and the one hundred acre survey of Morgan, and has since had the possession by himself and those claiming under him; and there is in fact no proof to the contrary. Fields says that he saw Godsey pay Morgan for the farm and that the payment was in goods. Butler, the father of the appellees, states that he sold the improvements on the one hundred-acre tract only to Morgan, and that as to the two hundred acres he never sold it to any one but told Mrs. Stacy to go on the land and take care of it until the children became of age. It is unreasonable to believe that the right to the use and possession of the land would have been surrendered by the father upon any such terms, and equally as unreasonable to suppose that the children for ten years and longer after their arrival at age would permit the occupancy of the land by these parties, and not only so but stand by and see the land sold to the appellee, Standifer, and to permit the latter to clear up and improve the land in many ways. After his purchase from Godsey he built a residence on the land, and not until after the lapse of thirty years or near that time from the entry of Morgan did the appellees institute their several actions.

One of the daughters was born in the year 1840 and the other in the year 1844. The action was instituted in December, 1877, and in the year 1866 both of the appellees who were patentees were of full age, and no action was instituted until ten or eleven years from that time. It may be a matter of doubt whether the possession of the appellant, Godsey, and those from whom he claims and those under him, has continued for thirty years; but if not, they entered as purchasers and the cause of action accrued at the time of the entry which was according to the weight of the testimony in 1846,.

but it may have been at a later date. Placing the cause of action at a later date, still the statute precludes the recovery. Fifteen years bar the recovery after the right first accrued, and if the party was an infant when the right of action accrued notwithstanding the lapse of time, he has three years after the disability is removed in which to bring the action. Gen. Stat. 1881, ch. 71, art. 1, § 1, 2. Here when the fifteen years expired the appellees were infants, but they failed to bring the action within ten years after the disability had been removed. So it is immaterial whether you apply the one statute or the other; the right of recovery is gone. The judgment below is therefore *reversed* and cause remanded with directions to dismiss appellees' petitions for the recovery of the land and to render a judgment against Standifer for the purchase-money.

*John L. Scott, Combs & Lyttle, for appellant.*

*S. H. Patrick, for appellees.*